ISELIN ET AL. *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 291. Argued April 29, 1926.—Decided May 3, 1926.

1. Offer by letter to buy airplane linen from the Government on terms specified, including a warranty of quality, *held* not to have been accepted by a letter, on behalf of the Government, not acknowledging the other, differing in terms, and presumably based on intervening negotiations not disclosed. P. 138.

2. An acceptance upon terms varying from those offered is a rejection of the offer. P. 139.

60 Ct. Cls. 255, affirmed.

APPEAL from a judgment of the Court of Claims rejecting appellants' claim, based on an alleged warranty of quality in a sale of goods by the United States.

*Mr. Dallas S. Townsend* for appellants.

*Solicitor General Mitchell* and *Mr. W. Marvin Smith,* Attorney in the Department of Justice, were on the brief for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The appellants, partners as William Iselin & Company, sued the United States for $30,000 for breach of a warranty of quality in a sale to them by the United States of airplane linen. On January 15, 1920, the United States, through the Materials Disposal & Salvage Division of the Office of the Director of Air Service, advertised for bids for 168,400 yards of aircraft linen, to be submitted February 2, 1920. The bidders were to be notified February 5th of the yardage awarded, and were then to forward a check for 10 per cent. of the purchase price, remainder within thirty days. The advertisement also stated that the materials would be sold " as is " at points of storage, that inspection was invited, that specifications and quantities on hand were based upon best information available, but that no guaranty on behalf of the Government was given.

The representative of the appellants at New York, on February 2, 1920, after seeing the advertisement, sent the following letter to the Salvage Division, office of the Director of Air Service, Washington:

" I herewith submit my firm offer for approximately 168,400 yards of 38-inch grade A natural brown Irish Airplane Linen. Specifications: Minimum threads, warp

and filling, 90. Maximum threads, warp and filling, 105. Minimum weight, 4.5 oz. per square yard. Average length of pieces from 60 to 80 yards, at 93 cents per yard, f. o. b. cars at present location. Said linen as per sample submitted; goods to be firsts. This offer is for immediate acceptance on usual Government terms."

Under date of February 10th, there was sent to the plaintiff's representative the following communication from the New York office of the Salvage Division:

" This is to advise you that Washington has awarded you 150,400 yards of 38" grade 'A' Airplane Linen at 93 cents per yard. This linen is listed on sheet No. 3955, item 1—65,400 yards, and sheet No. 2879 item 6—85,000 yards.

" 2. Inasmuch as we have your check for $13,987.20 to cover 10% of the sale, it is requested that you send this office Certified Check for $125,884.80 to cover the balance due together with your shipping directions.

" 3. This check should be drawn in favor of ' Disbursing Officer, Air Service,' marking envelope for the attention of the Materials Disposal & Salvage Division, 360 Madison Ave., N. Y. C.

" 4. Attention is invited to the following rule of the Air Service, which requires that payment be made promptly and material removed within 30 days of award."

It does not appear, and it is not claimed, that there was any acceptance of appellants' bid of February 2nd otherwise than as embodied in the communication last above quoted.

Upon resale of the linen, the appellants found that it was not of the quality of " firsts," and brought this suit. The linen delivered was of grade A, which term describes a particular texture. The terms " first " and " seconds " are terms of quality.

The only question in this case is whether the expression " Said linen as per sample submitted; goods to be firsts," contained in the letter of February 2nd was ac-

cepted so as to bind the Government to a warranty that the linen sold was to be of first quality.

We do not think that the letter of February 10th was an acceptance of the offer of February 2nd. It does not acknowledge its receipt. It does not purport to be an answer to it. It differs from it in the yardage of the linen mentioned by 18,000 yards. It contains no reference to the quality of the linen. It refers to a check for 10 per cent. of the price bid on 150,400 yards of linen, which could not have been sent in the letter of Feburary 2nd, for it was for a less amount. This shows, as indeed the counsel for the appellants himself points out, that there must have been some negotiations, or inquiries or communications between the appellants and the Government after the letter of February 2nd before the exact amounts of the linen and the deposit check could be fixed. The contract is not found in the letter of February 2nd. It is evidenced by the tender of the deposit check, by the letter of February 10th only, and by the payment of the balance due on the contract price. It is reasonable to infer that the letter of February 10th was a belated award under the advertisement rather than an acceptance of the letter of February 2nd.

It is well settled that a proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. *Beaumont* v. *Prieto,* 249 U. S. 554; *Minneapolis Railway* v. *Columbus Rolling Mill,* 119 U. S. 149, 151; *National Bank* v. *Hall,* 101 U. S. 43, 50; *Carr* v. *Duvall,* 14 Pet. 77, 82; *Eliason* v. *Henshaw,* 4 Wheat. 225.

We must conclude that the Government never entered into a warranty of the quality of the linen, and so that no obligation arose from a breach. The judgment of the Court of Claims is

                                          *Affirmed.*