## BALTIMORE & O. R. CO. v. YOUNGSTOWN BOILER & TANK CO.
### No. 6182.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1933.

W. T. Kinder, of Cleveland, Ohio (Geo. D. Bonebrake and Tolles, Hogsett & Ginn, all of Cleveland, Ohio, on the brief), for appellant.

A. M. Henderson, of Youngstown, Ohio (John H. Ranz, of Youngstown, Ohio, on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellee furnished the material for, and erected, a two hundred thousand gallon steel standpipe tank upon the property of appellant. During the progress of construction and while he was working on the tank near its upper edge, Edwin Earl Smith, an employee of appellee, was killed by a current of electricity escaping from nearby high tension wires. His administratrix brought suit against appellant for his alleged wrongful death and recovered a judgment for $7,109.-96 with interest and costs. Appellant paid the judgment and brought this action upon an alleged contract of indemnity.

The case was tried to the court without a jury and was dismissed. Appellant made a request for findings of fact and conclusions of law.

On August 8, 1929, appellant asked· for bids upon the cost of erecting the tank and submitted to appellee specifications and drawings prepared by its engineering department. The specifications included the furnishing of all tools, equipment, material, and labor. Under "General Conditions A-1" of the specifications, the right was "reserved to reject any and all bids that may be submitted."

On August 21, 1929, appellee responded by letter addressed to appellant's purchasing agent, the relevant portions of which are as follows:

"Dear Sir:

"We take pleasure *in quoting you* on tank to be erected at Newcastle Junction, Penna., as follows: * ⸱⸱ * *All sales, contracts or agreements subject to strikes, accidents or*
*occurrences beyond our control. Quotations subject to change without notice.* * * *

"Thanking you very much for the *opportunity of quoting and hoping to be favored with your order,* we are. * * *" (Italics ours.)

The court found that this letter was a proposal to erect the tank in accordance with the submitted plans and specifications. We concur in this finding, and if appellant had unconditionally accepted the proposal the issue here would not have arisen; but in response to this letter appellant on August 31 wrote as follows:

"Order 128869
"Req'n No. A–8805
"Baltimore, Md., 8–31–29
"To Youngstown Boiler & Tank Co.,
"Youngstown, Ohio.
"Please furnish the following material, *subject to conditions printed on the back of this order, which must be strictly complied with:*

"1   200,000 Gal. Net Capacity Steel Stand Pipe Tank erected complete as per Drawing No. 16268, and Specification Dated August 8th, 1929, $4,740.00

"Terms:—
"60% Upon shipment of material:
"20% Upon start of erection,
"20% Upon completion.
"Your prop. 8–21–29. * * *" (Italics ours.)

The order carried by this letter incorporated on its reverse side the alleged indemnity provision (paragraph 10 under the subjoined heading "General Instructions"). No similar provision is found in appellee's proposal. The order was not only made subject to paragraph 10, but the first sentence of the order contained the specific provision that the general instructions, of which No. 10 was one, must be "strictly complied with."

Paragraph 10 is as follows: "10. If it becomes necessary for the Seller, either as principal or by agent or employee, to enter upon the premises or property of the Buyer, in order to construct, erect, inspect or deliver hereunder, the seller hereby covenants and agrees to take, use, provide and make all proper, necessary and sufficient precautions, safeguard and protections against the occurrence or happenings of any accidents, injuries, damages or hurt to any person or property during the progress of the work herein covered, and to be responsible for and to indemnify and save harmless the Buyer from the payment of all sums of money by reason

of all, or any, such accidents, injuries, damages or hurt that may happen or occur upon or about such work and all fines, penalties and loss incurred for or by reason of the violation of any city or borough ordinance or regulation, or the law of the State, or United States, while the said work is in progress."

On September 6 appellee acknowledged receipt of the order by letter. This acknowledgment identified appellant's order not only by its date but by the customer's order number, the requisition number, the price and terms of payment, and the description of the tank to be erected in accordance with the drawings and specifications. The letter closed with this sentence:

"We hereby acknowledge receipt of and thank you for the order as described above.

"Very truly yours,

"The Youngstown Boiler & Tank Co.,

"L. E. Jones."

We think the effect of appellant's letter of August 31 was the rejection of the original offer of appellee and constituted a counter offer which was accepted by the acknowledgment of September 6. Iselin v. U. S., 271 U. S. 136, 139, 46 S. Ct. 458, 70 L. Ed. 872; Restatement of the Law of Contracts, § 38.

Upon the contract thus consummated appellee proceeded with the work to completion.

The court found that paragraph 10 did not become a part of the contract and that the parties did not intend that it should. It also found that even though paragraph 10 had constituted a part of the contract it could not be construed as a provision for indemnity for loss caused by *all* negligent acts or omissions of plaintiff but only for loss from such negligence of appellant as appellee could have prevented by taking the precautions which appellee had by the terms of paragraph 10 agreed to take. Appellant preserved exceptions to both findings.

The precise purport of the second finding above stated is not clear, but we have construed it to mean that even had paragraph 10 formed a part of the contract the indemnity would not cover wholly independent acts of negligence upon the part of plaintiff not arising from the condition of the premises and not associated with the conduct of the work. Thus construed, it has no bearing upon the issue before us.

When tested by the rules laid down in Buckeye Cotton Oil Co. v. L. & N. R. R. Co., 24 F.(2d) 347 (C. C. A. 6), we are of the opinion that the first finding also cannot stand. Paragraph 10 is clear and unequivocal. It is couched in plain and simple language, and its absolute observance was demanded. No necessity exists for the aid of extraneous evidence in its interpretation. Appellee cannot be heard to say that he did not assent to it. Cowles Electric Smelting & Aluminum Co. v. Lowrey, 79 F. 331, 344 (C. C. A. 6). We do not regard it as material that the parties are referred to therein as "seller" and "buyer" rather than as parties to a working or building contract. These designations cast no doubt upon their identity. Both parties readily understood and appreciated the importance of paragraph 10 because each knew that it would be necessary for appellee to enter upon the premises of appellant. They also knew of the existence of the overhanging high tension wires, and of the great danger to workmen who, as the work advanced, would necessarily come near them. In such a situation it was lawful for appellant to protect itself by an agreement or indemnity from loss by reason of "accident, injuries, damages or hurt, that may happen or occur upon or about such work." Santa Fe Ry. Co. v. Grant Bros., 228 U. S. 177, 33 S. Ct. 474, 57 L. Ed. 787, Buckeye Cotton Oil Co. v. L. & N. R. R. Co., supra. The loss sustained by appellant arose from exactly such an accident and the consequent injuries to employee Smith and we think appellant is therefore entitled to the protection afforded by the indemnity provision. We find no reason to otherwise limit appellee's obligation.

For the errors indicated the judgment is reversed, and the case remanded for a new trial.