## UNITED STATES v. MITCHELL.

### No. 11395.

Circuit Court of Appeals, Eighth Circuit.

June 13, 1939.

Rehearing Denied July 11, 1939.

344

Maurice W. Hibschman, Atty., Department of Justice, of Washington, D. C. (Maurice M. Milligan, U. S. Atty., and Richard K. Phelps, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for the United States.

J. R. Clagett, of Kansas City, Mo. (E. H. McVey and McVey & Randolph, all of Kansas City, Mo., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

SULLIVAN, District Judge.

This is an appeal from a judgment of the District Court in favor of the plaintiff and against the United States. The parties will be designated hereinafter as in the court below.

The suit was brought under the provisions of the Tucker Act, 28 U.S.C.A. § 41 (20). The petition is in two counts, one on an express contract, and one in quantum meruit, to recover the sum of $2,354.84, claimed as the balance due on the rental of certain equipment for use by the Soil Conservation Service of the Department of Agriculture. A general denial to each of the counts was interposed by the defendant.

A review of the evidence discloses that the Soil Conservation Service of the Department of Agriculture, during the year 1935, was engaged in the improvement of certain lands at or near Mankato, in. the State of Kansas, and in connection with said work required the use of certain mechanical equipment, and caused to be sent out invitations for bids for the rental of the necessary equipment. The plaintiff was the owner of this type of equipment, and one L. C. Miller, doing business in the name of the Contractors Equipment Company, was. the agent of and acted for him in those transactions under consideration

In a letter dated December 2, 1935, the Soil Conservation Service sent to the plaintiff's agent a copy of the invitation to bid and a bid form for the rental of a power shovel with drag-line boom and bucket, with skilled operator, for the period of "approximately three months from date of award to April 1, 1936". This phrase was incorporated in the specifications which were a part of the invitation for bids. The invitation for bids also contained a specification that payment would not be made for days. the shovel was not in actual use, due to breakdowns or other causes within the control of the contractor. The plaintiff submitted a bid on the form prepared by the government and attached to the invitation, and in compliance with and subject to all the conditions of the said invitation for bids. for the rental of the equipment, at a flat monthly rental rate of $1,000 per month. The bid was conditioned upon an acceptance by the government within ten days. from the date of the opening of the bids, namely, December 16, 1935. This condition was also set out in the specifications. No. award of the contract was made by the government within said ten days. Nothing fur--

ther was done in reference to the matter until January 29, 1936, upon which date an agent of the Department of Agriculture inquired by telegram of the plaintiff's agent: "Is your bid still open for acceptance?" That telegram was answered by plaintiff's agent as follows: "* * * our bid still open for acceptance". Then, on January 30, 1936, the agent of the Department of Agriculture telegraphed plaintiff's agent, "Will you accept contract on basis of three months * * *", and plaintiff's agent on the same day answered this inquiry by telegram, stating, "* * * will accept contract award on basis of 3 months' period or more".

Thereafter, and on February 10, 1936, the original invitation, bid and acceptance form was returned to the plaintiff's agent with the acceptance of the bid attached thereto, signed by the Chief of the Division of Purchases, Department of Agriculture. These papers were received by the plaintiff's agent on or about February 12, 1936. A formal notice of acceptance of the proposal was given by the Chief of the Division of Purchases by letter dated February 10, 1936, but evidently released for mailing on February 18, 1936, and which was received by the plaintiff's agent on February 20th. This letter reads as follows:

"Your proposal of $...... dated Dec. 12, 1935, for rental of power shovel with skilled operators from date of award to April 1, 1936, as per specifications and at the prices indicated thereon, f. o. b. Kansas City, Kansas.

"Office of the Secretary ..... is hereby accepted."

Part of the equipment was shipped by the plaintiff to the location of the work on February 29, 1936, and the remaining equipment was received on the location about March 5, 1936. The plaintiff, shortly after March 10, 1936, caused an invoice to be mailed the defendant for $1,000, to cover the period from February 10 to March 10, 1936. The defendant returned this invoice with a letter advising that the machine was not properly equipped and put into operation until March 12th, and directed the submission of an invoice covering the period from March 12, 1936, to March 31, 1936. This was done by the plaintiff's agent, and the revised invoice evidenced a claim for $645.16 for that period, which amount was paid by the defendant. The equipment remained on the location job for a period of three months from and after March 10th, but there is nothing in the record which indicates that it was used thereon after March 31, 1936.

The trial court made no finding as to the quantum meruit count in the complaint, but found that the defendant accepted plaintiff's offer as modified by the exchange of telegrams between the parties, and that the invitation for bids, specifications, acceptance by the government, and proposal by the plaintiff through his agent, and the telegrams, constituted a contract between the parties for the rental of the equipment, together with an operator, for a period of three months from and after February 10, 1936, at a monthly rental for said equipment of $1,000. It determined that the plaintiff was entitled to the sum of $3,000, less the sum of $645.16, which had been paid to the plaintiff, and interest on such balance.

It is the contention of the defendant that the express contract, if there was any contract, between the parties, was for the period from March 12, 1936, to April 1, 1936, at the rate of $1,000 per month, but that the rental payments were to be made only for such period of time as the machine was fully equipped and in use, and therefore, that no recovery can be had in this action, for the reason that the plaintiff was fully paid for the period of time that said machine was on the job and in operation.

The plaintiff, on the other hand, contends that the invitation for bids, acceptance thereof, and the bid of the plaintiff, through his agent, and the telegrams exchanged between the parties, make up the contract, and that he is entitled as and for rental of the equipment to the sum of $1,000 per month for a period of three months, commencing February 10, 1936.

The trial court found that the plaintiff's bid, dated December 12, 1935, was modified by the telegram of January 29, 1936, sent by an agent of the Department of Agriculture of the United States to the plaintiff's agent, the material part of which reads, "* * * will you accept contract on basis of three months' period from date of award * * *", and by the telegram of January 30, 1936, sent by plaintiff's agent to the Department of Agriculture advising that such contract would be accepted on the basis of a three months' period or more; that the bid as so modified was accepted by the Department of Agriculture on or about February 10, 1936, and was for the

rental of the plaintiff's equipment, together with a skilled operator, for a period of three months from and after the date of the award, and that this constituted the contract between the parties.

This finding is challenged by the plaintiff on the ground that the same is unsustained by evidence in the case. So, the only question in this case is whether the exchange of the telegrams of January 29 and 30, 1936, modified the terms and conditions of the original bid of the plaintiff to the extent of establishing the contract contended for by the plaintiff.

This being a suit under the Tucker Act, it was tried to the court without a jury, as provided for by Sections 761–765, Title 28, United States Code Annotated.

■ The plaintiff argues that the findings of the trial court should not be disturbed, and calls attention to the general rule existent before the adoption of the Rules of Civil Procedure, 28 U.S.C.A. following, section 723c, to the effect that in an action at law tried to the court, a jury having been waived by the parties, the court's findings of fact are conclusive upon the reviewing court. if they are sustained by any substantial evidence.

The attention of the court is also directed to Rule 52 of the Rules of Civil Procedure, which provides that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses". In this case, no occasion arises for the application of the tests contemplated by either of said Rules to the findings of fact by the trial court. There is no conflict in the evidence. The evidence in relation to the claimed contract is all documentary. The pertinent evidence consists of the invitation for bids with the specifications attached thereto, the bid of the plaintiff, through his agent, the telegram extending the time within which the bid might be accepted by the government, the two telegrams of January 29 and 30, 1936, the form of the acceptance of the bid, signed by an agent of the defendant, and the formal letter of acceptance by the government of the bid, dated February 10, 1936.

The telegram of January 29th was one of inquiry, addressed by the agents of the Department of Agriculture to the plaintiff's agent, while the telegram of January 30th was an answer to the telegram of January 29th. These two telegrams do not result in an agreement between the parties upon any matter. They amount to no more than negotiations between the respective parties. Whether these telegrams refer to the matter under consideration or to a possible future invitation for bids on another job is left open to question. If the telegrams are considered in connection with the invitation for bids dated December 2, 1935, it is apparent that such telegrams were wholly disregarded by the Department of Agriculture in its final acceptance of the bid of the plaintiff in response to such invitation. The acceptance of the original bid, together with the formal letter or notice of acceptance thereof, was dated and received by the plaintiff's agent subsequent to the dates and receipt of the telegrams. Again, if the telegram of January 30, 1936, is considered an offer, rather than a reply to the inquiry by telegram of January 29, the acceptance by the Department of the original bid, containing as it did, the specifications providing for a rental period to April 1, 1936, would amount to a rejection of the offer of the plaintiff in its telegram of January 30th.

■ It is said in Iselin et al. v. United States, 271 U.S. 136, at page 139, 46 S.Ct. 458, at page 459, 70 L.Ed. 872: "It is well settled that a proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested."

■ In Bruner et al. v. Wheaton, 46 Mo. 363, at page 366, it is said: "In order that an acceptance may be operative, it must be unequivocal, unconditional, and without variance of any sort between it and the proposal * * *". See also Williams v. Emerson-Brantingham Implement Company, Mo.App., 198 S.W. 425, 427.

■ It is elementary that to constitute a valid contract there must be mutual assent of the parties to all of the terms and conditions thereof, and accordingly it follows that an acceptance of a proposal with qualifications or conditions cannot be regarded as a complete contract because the requisite mutual consent is absent.

■ The acceptance of the original bid by the agents of the Department of Agriculture was certainly sufficient notice and advice to the plaintiff and his agents that the telegrams of January 29 and 30, 1936, were not considered by them in awarding the contract job to the plaintiff. It is clear that these two telegrams were not considered at

the time of the award to the plaintiff's agents because of the fact that the specifications attached to the original bid of the plaintiff's agents expressly provided for the termination of the rental period as of April 1, 1936. Unquestionably, the agents of the Department of Agriculture were dealing at the time of the award with the plaintiff on the basis of his original bid, without reference to the telegrams of January 29 and 30, 1936, and any inference or conclusion to the contrary is without support in the evidence.

Accordingly, the judgment appealed from is reversed, and the case remanded with directions to enter judgment in favor of the defendant.