### NEWSPAPER READERS SERVICE, Inc., v. CANONSBURG POTTERY CO.

#### Civ. A. No. 2307.

District Court, W. D. Pennsylvania.

Nov. 5, 1943.

342

Margiotti, Pugliese & Casey, of Pittsburgh, Pa., for plaintiff.

William G. Heiner, of Pittsburgh, Pa., and David B. Campbell, of Canonsburg, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover the sum of $603,200 for alleged breach of a contract for the sale and delivery of goods.

Plaintiff's complaint was filed November 9, 1942. It filed an amended complaint January 2, 1943 and a second amended complaint April 20, 1943. This latter complaint purports to allege the complete cause of action of the plaintiff against the defendant. Defendant filed a motion to dismiss the second amended complaint on the ground that it fails to state a claim upon which relief can be granted, and in support thereof, alleges many reasons which may be summarized in two: First, that Exhibits A and B do not constitute a contract between defendant and S. R. Taylor Company; and second, that if said exhibits do constitute a contract, that it was not assignable by S. R. Taylor Company to the plaintiff.

The first question, therefore, is, Do Exhibits A and B constitute a contract between S. R. Taylor Company and the defendant, the Canonsburg Pottery Company. In paragraph 2 of the second amended complaint, it is alleged: "On August 6, 1942, defendant, Canonsburg Pottery Company, and S. R. Taylor of Brookline, County of Norfolk, Massachusetts, trading and doing business as S. R. Taylor Company, entered into a contract in writing which the defendant agreed to sell and deliver, and S. R. Taylor Company to buy and accept, beginning approximately September 1, 1942, two (2) carloads of dinnerware per week under the terms set forth in said contract, a true and correct copy of which is hereto attached, made a part hereof and marked Exhibit A and B.".

Plaintiff contends that Exhibit A constitutes the offer of the defendant to S. R. Taylor Company and that Exhibit B constitutes the acceptance thereof by S. R. Taylor Company. The relevant part of Exhibit A reads as follows:

"8/6/42

We will deliver to S. R. Taylor Co. two cars of dinnerware per week of sample patterns—barring all strikes or acts of God under which we have no control. To begin approx. Sept. 1st. Patterns & packaging and shipments as selected. We will deliver on this basis for a period of a year and any extension to complete contract obligations of S. R. Taylor Co.

Prices as agreed today August 6th as follows:

| | | |
|---|---|---|
| No. 115–A–2 | 108 pc. set | 10.40 |
| 1608 | " " " | 12.36 |
| Flora | " " " | 12.36 |
| Dorthea | " " " | 13.74 |
| 1584–H or 1584–J | " " " | 14.34 |
| Moss Rose | " " " | 14.17 |
| 539–H | Service Plate | 5.25 |
| " " | " " | W/5.40 |

All above prices are plus packing charge.
Canonsburg Pottery Co.
W. C. George—Pres."

The relevant portion of Exhibit B, being the alleged acceptance by S. R. Taylor Company, reads as follows:

"August 6, 1942.

Canonsburg Pottery Company,
Canonsburg, Pa.

Att; W. C. George

Dear Mr. George:

This will confirm our contract made to-day wherein you agree to ship us a minimum of Two Carloads or equivalent, of Dinnerware per week commencing within Two weeks of date that we send you shipping instructions. This Dinnerware to be packed and shipped per our specifications.

We have already selected three patterns that we will put into operation at once. These are No. 1608—1584 N and "Dorthea".

&ast; &ast; &ast; &ast; &ast; &ast;

S. R. Taylor Co.
By S. R. Taylor".

We will accept plaintiff's contention that Exhibit A constitutes the offer, although it does not state it is an offer therein; also, that Exhibit B constitutes the acceptance of the alleged offer, although it purports to confirm a contract made on the date thereof between the two parties without any other identification of the contract or statement of all the terms thereof.

Under the terms of Exhibit A, the alleged offer, the defendant would obligate itself to "deliver to S. R. Taylor Co. two cars of dinnerware per week of sample patterns— * * * To begin approx. Sept. 1st." Under the terms of Exhibit B, defendant would be required to ship to S. R. Taylor Company a minimum of two carloads per week, "commencing within Two weeks of date that we send you shipping instructions." It will be noted that there is a material difference between the language of the offer and the language of the acceptance in regard to the dates of delivery or shipments.

The acceptance of S. R. Taylor Company stated the selection of three patterns, one of which was "1584 N." This pattern was not included in the terms of the offer.

In Iselin v. United States, 271 U. S. 136, 46 S.Ct. 458, 459, 70 L.Ed. 872, it is stated: "It is well settled that a proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested."

In the American Law Institute's Restatement of the Law of Contracts, Sections 58, 59 and 60, it is stated:

"Sec. 58. Acceptance must be unequivocal in order to create a contract.

"Sec. 59. * * * an acceptance must comply exactly with the requirements of the offer, omitting nothing from the promise of performance requested.

"Sec. 60. A reply to an offer, though purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counter-offer."

The alleged acceptance in Exhibit B was in terms which materially differed from the offer, and, therefore, it constituted either a rejection of the offer or a counter-offer. If the latter, no claim or contention is made that the counter-offer was accepted. I, therefore, conclude that Exhibits A and B do not constitute a contract between the defendant and S. R. Taylor Company.

Defendant further contends that if Exhibits A and B do constitute a contract that said contract was nonassignable, as the contract was of such a personal nature as to be nonassignable, and also, by reason of the provision in Exhibit A that the delivery was to be made to complete contract obligations of S. R. Taylor Company.

Defendant stated that "the general rule is that a contract may be assigned by the parties unless it would be against public policy to recognize an assignment or unless it would be contrary to the intention of the parties or unless it would prejudice the interest of a party." Under the facts as averred in the complaint, I cannot say that the assignment of the alleged contract would be against public policy, or that it would be contrary to the intention of the parties, or that it would prejudice the interest of a party thereto. See Section 151 of the American Law Institute's Restatement of the Law of Contracts.

I am of the opinion that the motion now before the Court should be sustained. Let an order be prepared and submitted.