No. 16,965.

GOODWIN *v.* ELLER ET AL.
(258 P. [2d] 493)

Decided June 1, 1953.

Mr. ALBERT P. FISCHER, MR. KENNETH H. GROSS, for plaintiff in error.

MR. THOMAS J. WARREN, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will hereinafter refer to the parties by name or as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

By the prayer of his complaint plaintiff sought a decree for specific performance of an alleged contract for the purchase and sale of real estate in Larimer county. Defendants denied that any valid contract for the purchase of land had been agreed upon by the parties. They relied on the statute of frauds, section 8, chapter 71, '35 C.S.A., which, in substance, requires that all contracts for the sale of land be evidenced by written instrument to be subscribed by the party by whom the sale is to be made. Defendants further relied on section 9 of said

chapter, which requires the authority of an agent in the sale of real estate to be expressed in writing.

Max Eller and Addie Eller, husband and wife, held title in joint tenancy to the real estate involved in the present proceeding. March 28, 1950, they executed a lease under which plaintiff, as lessee, gained possession of the real estate. The lease provided for an annual cash rental of $350.00, and contained the following provision: "It is also agreed that first party will give second party first chance to purchase the farm at the selling price. It is further understood that in case second party buys the farm during a crop period of any year, cash rent for that year will apply on purchase price." No amount was fixed as a selling price and the only reference to a sale, in the instrument, is that above quoted.

January 13, 1951, plaintiff wrote a letter to Max Eller, one of the defendants, offering to pay $5,000.00 for the property. January 16th, Max Eller replied refusing this offer and stating, inter alia, "The price on the place is $6500.00 and no less." During the spring and summer of 1951, plaintiff and Max Eller had occasional conversations concerning the sale of the property, and an oral agreement was reached under which the price of $6500.00 was to be paid. August 20, 1951, plaintiff and defendants met in an attorney's office in Fort Collins. A deed was drawn, executed and acknowledged by defendants, conveying the property to plaintiff and his wife in joint tenancy. A note and deed of trust were prepared and signed by plaintiff and his wife, and all the instruments, except the note, were left in the possession of defendants until the following day in order that their attorney might examine them. The parties met on August 21st and a settlement sheet was presented by plaintiff's attorney in which a deduction of $350.00 from the purchase price was claimed on the basis of the language hereinabove quoted from the lease. Mr. Eller refused to proceed with the transaction except upon the payment of $6500.00, and plaintiff demanded the credit

of $350.00 claimed by him under the terms of the lease. It is clear from the record that no specific agreement ever had been reached as to whether that $350.00 mentioned in the lease was to be a credit on the price of $6500.00 or whether the $6500.00 was to be net to the sellers. Max Eller picked up the deed, which he and his wife had theretofore signed, and left the meeting.

Plaintiff filed his complaint in this action October 3, 1951. March 14, 1952, the case was tried to the court, without a jury, and at the conclusion thereof the court announced its findings for plaintiff. Formal findings and judgment for plaintiff were entered March 24, 1952, and April 2nd, defendants filed motion for a new trial. June 4th, upon consideration of defendants' motion for a new trial, the trial court, by written opinion, set aside the findings of fact and judgment which previously had been entered. The opinion contained, inter alia, the following:

"Hearing on Defendants' Motion for New Trial filed April 2nd, 1952. This case was tried to the court. At the conclusion of the testimony the court ruled instanter awarding Defendants specific performance of their contract of purchase and awarding plaintiff judgment for the $350.00 in controversy. In due time plaintiff filed the within motion for a new trial.

"On March 28, 1950, plaintiff Stephen L. Goodwin and both defendants entered into a lease of lands, in part providing plaintiff would have the first right to purchase said property in the event same was sold, and that 'if purchased during the growing season the cash rental of $350.00 per year would be deducted from the purchase price.'

"All efforts made to consummate a purchase were unavailing until a meeting in Attorney Temple's office, Aug. 20, 1951. The growing season was then practically over. The basis of our original ruling hereon, was that the evidence disclosed on s a i d date, a sale price of $6500.00, and definite terms, were agreed to by all parties; that a deed and note and deed of trust were pre-

pared, executed and tendered by said parties. We held this to be a sufficient meeting of the minds to constitute a sale agreement; that the subsequent disagreement over the $350.00 of the purchase price was in effect an interpretation of the lease terms, not of the new agreement to sell.

"On further consideration we now believe we were in error; that the meeting of the minds on the agreement to sell must be held to be fully complied with as shown on the executed deed, note and deed of trust, without reference to any other prior instrument. The sale agreement was for $6500.00, part cash and part note with deed of trust. When the deed, note and deed of trust was being executed, nothing was then said about the conditions in the lease. According to the instruments there drawn, Aug. 20, 1950, the purchase price was to be $6500.00, $1500.00 cash and $5,000.00 in installments for four years, with interest. The down payment of $1500.00 was not made as was provided in the deed. Therefore in so far as the sale agreement of Aug. 20, 1950, was concerned, same was not consummated, because of disagreement as to the $1500.00 down payment, the plaintiff seeking to deduct the $350.00 lease rental provided for in a prior lease, and defendants objecting thereto as not being part of their agreement of date Aug. 20, 1950. The terms of the lease of March 28, 1950 cannot be read into nor affect the terms of the later agreement of Aug. 20th, 1950, unless same was on Aug. 20, 1950, at the time of the execution of the deed, note and deed of trust, then discussed and consented to be incorporated into the later sale agreement. There was no evidence that the terms of the prior lease were discussed or contemplated when the papers of Aug. 20th, 1950, were executed; certainly the deed, note nor deed of trust in no wise mentioned it.

"We therefore now find that our findings of facts and judgment of March 24th, 1952, were erroneous; should now be vacated, with new findings and judgment for defendants, against plaintiff; that the alleged agreement

of Aug. 20, 1950, is not proven, was not consummated and therefore is unenforceable."

The final judgment, to which this writ of error is directed, was in favor of defendants; dismissing plaintiff's complaint; and for costs.

The points upon which plaintiff relies for reversal are: 1. The court was without authority to reverse its findings and decree on motion for a new trial. 2. The court was without authority to reverse itself on a question of fact. 3. The revised findings and judgment of the court were contrary to the evidence. 4. Under the testimony the sole question for the court to decide was whether a credit of $350.00 should be allowed plaintiff on the purchase price of $6500.00.

Questions to be Determined.

First: *Where an action has been tried to the court without a jury, and a motion for new trial has been filed after entry of findings and judgment, does the trial court have the power, upon consideration of the said motion, to vacate the original findings and judgment; reverse itself; and enter a judgment in favor of the opposite party?*

This question is answered in the affirmative. On behalf of plaintiff it is argued: That in the motion for new trial there was no request for judgment in favor of defendants, nor was the court asked to amend its findings or set aside its judgment; that the only relief sought was a new trial; that when the court vacated the original judgment and entered one in favor of defendants the order so directing was of the court's own motion, and as more than ten days had elapsed since the original judgment entered the court was without power thus to act "on its own motion"; that the revised findings of the trial court were not amendments to the original findings, but were a complete reversal thereof; and that the plaintiff, or his attorneys, was entitled to notice "that revised findings or a complete reversal was being considered."

We cannot agree with any of these contentions. Rule

59 C(a) R.C.P. Colo., provides in part: "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or *make new findings and conclusions, and direct the entry of a new judgment.*" (Emphasis supplied)

In the motion for a new trial, counsel for defendants questioned the sufficiency of the evidence to sustain the judgment. He directed attention in detail to the absence of evidence establishing an agreement upon the vital question in the case, namely, whether a credit of $350.00 was to be allowed on the purchase price of $6500.00. He further directed attention to the absence of any competent evidence tending to satisfy the requirements of the statute of frauds in so far as the defendant Addie Eller is concerned.

We think that, upon the filing of the motion for new trial within the time provided by rule, the trial court retained full power to correct any and all errors theretofore committed. If, upon reconsideration of the evidence and the applicable law in the light of the questions raised by the motion for new trial, the trial judge concludes that his previous judgment was erroneous, he may set aside the erroneous findings and judgment and enter such findings and judgment as shall be consistent with his ultimate opinion. The right and duty of the trial judge under such circumstances to "amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment," cannot be interpreted to mean that the court is without power to vacate a judgment in favor of a plaintiff and enter judgment for the defendant. Whether the new judgment, which is entered under authority of rule 59 C (a) R.C.P. Colo., is a reversal, depends upon the nature of the error which the trial court undertakes to correct. In the instant case the trial court, in its initial findings, misconstrued the legal import of the evidence to

such an extent that the error could not be corrected in any manner except by complete reversal. The court had full authority to act as it did.

■ Second: *Are the revised findings and final judgment sufficiently supported by the evidence?*

This question is answered in the affirmative. There is no dispute concerning the following facts: The only written instrument ever signed by Addie Eller relating to the sale of the property was the warranty deed which never was delivered by defendants to plaintiff; no consideration ever was accepted by defendants for the conveyance which was contemplated by the execution of said warranty deed; at the time the deed was signed by defendants they expected to receive a total consideration of $6500.00 and the delivery of said deed was to be contingent upon the simultaneous receipt of that consideration; that the claimed credit of $350.00 did not arise until after the deed had been signed; and the instruments signed by the parties at the time of the purported agreement to sell the real estate made no reference whatever to the statement contained in the lease, upon which plaintiff bases his claim.

Under these circumstances, the execution and tender of the deed by defendants, in legal effect, amounted to no more than an offer by them to sell the property for a consideration of $6500.00. By refusal to pay the full consideration demanded, and by insisting upon a "credit" of $350.00, plaintiff, in legal effect, submitted a counteroffer which was not accepted by the owners of the property. This counteroffer to buy at a reduction in price, of $350.00, was a rejection of the offer evidenced by the tendered deed. The statement contained in the lease, which was executed more than two years prior to the negotiations for the sale of the property, cannot be read into the transaction of August, 1951.

■ In *Iselin v. United States,* 271 U.S. 136, 46 Sup. Ct. 458, 70 L.Ed. 872, we find the following pertinent statement of the applicable rule: "It is well settled that

a proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested."

The foregoing is sufficient to dispose of the points specified, which are not herein discussed in detail, since they are inseparably related to the questions specifically answered.

The judgment is affirmed.

MR. CHIEF JUSTICE STONE dissents.

MR. JUSTICE CLARK and MR. JUSTICE BRADFIELD not participating.