No. 17,308.

GOODWIN *v.* ELLER ET AL.
(270 P. [2d] 1023)

Decided May 24, 1954.

Mr. ALBERT P. FISCHER, Mr. KENNETH H. GROSS, Mr. WARD H. FISCHER, for plaintiff in error.

Mr. THOMAS J. WARREN, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON motion of both parties hereto in the district court for a summary judgment, such judgment was entered in favor of defendants in error against plaintiff in error in an unlawful detainer action. The correctness of that judgment is now challenged.

The Ellers, owners of property involved, gave Goodwin a lease thereto on March 28, 1950. Subsequently, negotiations between the parties for the sale and pur-

chase of the property, resulted in a meeting at an attorney's office and a deed was drawn, executed and acknowledged by the Ellers, which was a conveyance to Goodwin. This deed was not delivered at the time, and afterwards a disagreement arose as to whether the year's cash rental in the amount of $350.00, that had been paid by Goodwin, was to be deducted from the down payment agreed upon. In the middle of the argument, Max Eller pocketed the deed and walked out. Goodwin remained in possession, apparently on reliance on the agreement to sell and purchase as evidenced by the deed. In October, 1951, Goodwin filed a complaint for specific performance. While this action was pending, the Ellers served notice of termination of tenancy on Goodwin and brought this action in unlawful detainer on February 6, 1952 in the justice court, alleging that Goodwin was holding possession of the premises after the termination of his tenancy. An answer putting the title in question, necessitated certification to the district court where, under an order of abatement, the matter stood pending the determination of the specific performance action that had been filed by Goodwin. Trial of the specific performance action resulted in the Ellers' favor and Goodwin brought the matter to our Court by writ of error, resulting in a decision holding that there was no enforceable contract; that the minds of the parties had never met; and that the execution of the deed was, in legal effect, an offer which never was accepted by Goodwin. *Goodwin v. Eller,* 127 Colo. 529, 258 P. (2d) 493.

Following this final determination of the specific performance action, both the Ellers and Goodwin moved for summary judgment in the then pending unlawful detainer action. The Ellers prevailed, and judgment in their favor for possession of the premises and costs was entered on October 8, 1953.

Goodwin, plaintiff in error, admits that he has no right to possession since that question has been judi-

cated, and he is not claiming that he had a valid contract for purchase of the property, but that his holding over or remaining in possession after notice to vacate on account of the termination of his tenancy was under the proposed contract of sale, and that he was not guilty of unlawful detention. He relies upon the cases of *Klopfer v. Keller*, 1 Colo. 410, and *Babnik v. Culig*, 89 Colo. 449, 3 P. (2d) 801, in support of his contention that one holding over under a contract, under the circumstances here revealed, is not a holdover tenant within the meaning of the unlawful detainer statute, even though the contract is void.

We believe counsel for Goodwin has failed to differentiate between what he terms a contract, which would relieve him of unlawful detention, and the wording of the opinion in *Goodwin v. Eller, supra,* which is, "Under these circumstances, the execution and tender of the deed by defendants, in *legal effect,* amounted to no more than an offer by them to sell the property * * *. By refusal to pay the full consideration demanded, and by insisting on a 'credit' of $350.00, plaintiff, in legal effect, submitted a counter offer which was not accepted by the owners of the property." (Emphasis supplied.) And in the opinion our Court approves the following in *Iselin v. United States,* 271 U. S. 136, 46 Sup. Ct. 458, 70 L. Ed. 872: "It is well settled that a proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested."

In keeping with this clear-cut decision, there was nothing that had the semblance of a contract for purchase upon which Goodwin could rely, because of the effect of the approved quotation, namely, " * * * puts an end to the negotiation * * *." If the negotiations were thus ended by virtue of the decision to which we have herein referred, Goodwin's holding over, as herein described, was without any support, either in fact or in

law, and he was subject to being deprived of possession as resulted in the summary judgment herein entered, and which must be, and hereby is, affirmed.

MR. JUSTICE BRADFIELD does not participate.