Bert M. TRACY, Appellant,

v.

Harry M. DISMAN and Rebecca G. Disman, Appellees.

No. 2072.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 7, 1957.

Decided Dec. 30, 1957.

**218**

Daniel I. Sherry, Washington, D. C., for appellant.

Norman H. Heller, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees recovered judgment against appellant for the return of a $500 deposit given by them under an agreement to purchase real estate from him. Appellant claims that the trial court was in error in denying his motion for a directed verdict at the close of the evidence and in denying his subsequent motion for judgment after verdict. For reasons hereafter stated we agree with appellant.

The action was brought on the theory that on the date fixed by the contract for settlement appellees were ready and prepared to settle, but appellant had not complied with a requirement of the contract that the house be repainted and the porch screened.

According to appellees' testimony they signed an offer to purchase dated June 23, 1956, gave a check dated June 26 for $250 to cover the deposit provided for in the offer, and delivered both instruments to the real estate agent. Later the agent returned with the offer which appellant had signed indicating his acceptance, but the agent informed them that appellant want-ed an additional deposit of $250. As a result, on July 2 they gave a check for that amount and at the same time altered the contract by striking the deposit figure of $250 and inserting $500 and initialing the change. Appellees further testified they visited the house on August 2 and saw that the porch had been screened but that the house had not been repainted, and thereafter told the real estate agent they would not attend the settlement scheduled for August 8 because the painting had not been completed on that date. Appellees admitted receiving a letter from the agent stating that the settlement date had been changed from August 8 to August 14 at appellees' request, complaining of appellees' failure to appear on the 14th, and informing appellees that a new settlement date had been fixed for August 20. Appellees testified that before receiving that letter they had already informed the agent they would not consummate the purchase. They also testified that on August 12 they had signed a contract to purchase another house.

Appellant and the real estate agent testified that although appellant signed the original offer he instructed the agent it was not to be delivered unless and until the appellees would make an additional deposit of $250. Appellant also offered uncontradicted evidence that the repainting of the house was completed not later than August 11.

Assuming, but not so holding, that failure of appellant to fully complete the painting and screening within the exact time fixed by the contract for settlement would have justified appellees in rescinding and demanding return of the deposit, appellees' own testimony shows that they attempted to rescind prior to the time fixed for settlement.

 Appellees' offer was dated June 23 but since the check accompanying the offer was dated June 26, the reasonable inference is that the offer was not made until the later date. The exact date, how-

ever, is immaterial because appellant did not accept the offer. Instead he demanded that the amount of the deposit provided in the offer be increased from $250 to $500. When informed of this, appellees acceded to the demand by giving an additional check and altering their offer accordingly. Then, and only then, did a contract come into existence.[1] It could not be seriously contended that appellant's conditional acceptance—in effect a counteroffer—was binding on appellees. They had the right to reject and demand the return of their first check. Until they assented to appellant's modification there was no mutual agreement.

■ The offer as made, and as modified and accepted, provided: "Within 45 days from the date of acceptance hereof by the seller, * * * the seller and purchaser are required and agree to make full settlement in accordance with the terms hereof." Thus the date of the contract is of vital importance to the appellees' claim that appellant failed to meet his obligations within the time fixed by the contract. Although the testimony of all witnesses as to exact dates in many instances was uncertain, there was no uncertainty in appellees' testimony that the second check was given on July 2, and the check itself bore that date. Therefore on appellees' own testimony, July 2 was the earliest date on which the contract came into existence. And we think it is clear that under the contract appellant had 45 days from that date, or until August 16, in which to comply. Appellees had no right to repudiate the contract before that date, but they freely concede they did so and on August 12 agreed to purchase another house.

■ Appellees argue that since appellant's agent originally scheduled August 8 as the date of settlement, that date must be taken as the date required by the contract for settlement. But appellees cannot hold appellant to the strict letter of the contract without imposing the same burden on themselves.

With no legal justification, appellees refused to comply with their contract and they have no standing to recover their deposit. Therefore appellant was entitled to a directed verdict.

Reversed with instructions to set aside the verdict and enter judgment for appellant.

1. "It is well settled that a proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested." *Iselin v. United States*, 271 U.S. 136, 139, 46 S.Ct. 458, 459, 70 L.Ed. 872.