No. 18,450.

GENE BALDWIN *v.* PETERS, WRITER & CHRISTENSEN.
WILLIAM R. CLARK *v.* PETERS, WRITER & CHRISTENSEN.
(349 P. [2d] 146)

Decided February 8, 1960.

Mr. DAVID BERGER, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THESE parties appeared in inverse order in the trial court and are hereinafter referred to as there, or by name. Two separate cases involving the same transaction were involved in suits brought by plaintiff to recover on an account for the purchase of uranium stock. Issue was joined. The two cases were consolidated for trial below, resulting in separate judgments against each of the defendants in the sum of $1,000.00. Defendants present the matter here on a single writ of error.

Plaintiff claimed to have received two separate orders for 50,000 shares each of Acme Uranium Company stock through one Baudin, the president of the Company. The dispute arises with respect to the price per share at which the stock was ordered. Plaintiff contends it was directed to buy the stock "as close to two cents as possible," while defendants contend the price was to be two cents per share. Pursuant to the order so placed plaintiff purchased the stock and several days thereafter sent a confirmation listing purchase of the stock at two and one-eighth cents per share. Defendants declined to complete the purchase at that figure and refused payment. Later plaintiff sold the stock to other parties at a price undisclosed by the record.

In rendering judgment the trial court in the Clark case said: "There is some question in the Court's mind as to the amount of stock and at the price it was to be purchased and whether it was two or two and one-eighth cents. In view of that fact a one-eighth is being resolved in favor of deft."

In passing on the claim against defendant Baldwin the trial court said: "There is no doubt in the Court's mind as to the actual amount of the purchase price. In any event it was at two cents and on that basis the judgment is entered * * * ."

 Here we have a case where the order to buy was given at two cents per share which plaintiff executed by purchasing the stock at two and one-eighth cents per share, according to the findings of the trial court. This made no enforceable contract.

*Salomon v. Webster,* 4 Colo. 353, was a case where Webster offered Salomon $2,616.20 less some small expenses. Salomon accepted stating he would "take the amount" offered "to-wit $2,616.20 in full." The court held that the proposed acceptance was a counteroffer and there was no enforceable contract because Salomon did not accept the terms proffered. The court there said:

"The proposition is, we think, free from ambiguity. The amount to be paid Salomon was NET, exclusive of all expenses incident to the collection. Instead of accepting the identical offer made to him, he modified it, and re-submits it to Webster, with such modification. This letter did not, therefore, of itself conclude an agreement. Upon this point the law is clear. Unless the proposition made by one is accepted by the other, WITHOUT ANY MODIFICATION WHATEVER, no contract arises. In such case there is no concurrence of parties.

" 'If the acceptance modified the proposition in any particular, it amounts to nothing more than a counter proposition. It is not in law an acceptance which will complete the contract.' (citing cases)"

 See, also, *Hall v. Gehrke,* 117 Colo. 223, 185 P. (2d) 1016; *Nucla Sanitation District v. Rippy,* No. 18,435, 344 P. (2d) 977, decided October 13, 1959; Williston on Contracts, Vol. 1, sec. 51 states the rule: "When an offer has been rejected it ceases to exist and cannot thereafter be accepted * * *. This principle is most commonly il-

lustrated where a counteroffer is made by offeree. This operated as a rejection of the original offer."

■ The findings of the trial court on the disputed question of the price per share at which the plaintiff was authorized to purchase, being supported by competent evidence, are binding on this court. We, therefore, hold that the plaintiff having purchased the stock upon terms other than those authorized by the defendants, the defendants were under no obligation to accept or pay for the same.

■ Moreover, had the plaintiff purchased the stock involved at the price authorized, then upon defendants' refusal to complete the transaction, the measure of damages would be the difference between the authorized purchase price and the amount realized from the subsequent sale of the stock.

Such being our holding it is unnecessary to consider the other points urged for reversal.

The judgments are reversed and the causes remanded with direction to enter judgments for the respective defendants.