**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT OLDENBURG,

    Plaintiff - Appellant,

v.

AMERICAN MODERN INSURANCE
COMPANY, INC., d/b/a American
Modern Property & Casualty Insurance
Company,

    Defendant - Appellee.

No. 20-1209
(D.C. No. 1:19-CV-00111-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Robert Oldenburg appeals from the judgment entered in favor of Defendant

American Modern Insurance Company, Inc. ("AMIG"). Exercising jurisdiction

under 28 U.S.C. § 1291, we reverse the district court's judgment and hold that

Oldenburg and AMIG entered into a binding settlement agreement under Colo. Rev.

Stat. § 13-17-202.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Oldenburg sued AMIG, his former employer, alleging that he had been wrongfully discharged in violation of public policy. On January 6, 2020, AMIG made the following written settlement offer to Oldenburg:

> Defendant . . ., pursuant to Colorado Revised Statute §13-17-202(1)(a)(ii), hereby makes an Offer of Settlement to Plaintiff in the amount of $100,000.00. This Offer of Settlement is made for the purpose specified in C.R.S. §13-17-202, and is not to be construed either as an admission that Defendant is liable in this action or that Plaintiff has suffered any damage.

Two days later, Oldenburg responded in writing to AMIG's offer as follows:

> Please allow this email to confirm that Mr. Oldenburg will accept Defendant's Offer of Statutory Settlement dated January 6, 2020 . . . . Mr. Oldenburg has informed us that he is not willing to waive any other rights to other claims or potential lawsuits against AMIG.

AMIG responded to Oldenburg's email, stating that "Defendant's offer was for full settlement of all of Mr. Oldenburg's claims without any qualifications. Defendant does not accept any limitations or restrictions to its offer, including those in your email."

Oldenburg moved to enforce AMIG's statutory offer of settlement, contending it was timely accepted and therefore constituted a binding settlement agreement that was enforceable by the court pursuant to § 13-17-202(1)(a)(IV). AMIG filed an opposition to Oldenburg's motion. It asserted that, although its statutory settlement offer did not expressly state that it included a full release of all claims, such a term was necessarily implied. As such, AMIG argued that no agreement to settle had been reached because Oldenburg had qualified his acceptance of the offer by stating he

2

was "not willing to waive any other rights to other claims or potential lawsuits against AMIG."

The district court ultimately denied Oldenburg's motion in a minute order. It explained:

> The Court finds that the parties did not reach a meeting of the minds when they exchanged offers of settlement. The defendant apparently assumed that its offer would resolve matters between the parties. The plaintiff apparently believes that he can accept the offer, settle the claims in this lawsuit, and then turn around and sue the defendant on other claims or theories.

AMIG then moved for summary judgment. The district court granted AMIG's motion and entered judgment in AMIG's favor.

## II

On appeal, Oldenburg argues that the district court erred (1) in denying his motion to enforce AMIG's statutory settlement offer and (2) in granting summary judgment in favor of AMIG on his claim alleging wrongful termination in violation of public policy. We need not reach the second issue because we hold that the court erred in failing to enforce AMIG's statutory settlement offer as a binding settlement agreement.

## A

The purpose of § 13-27-202 "is to encourage the settlement of disputed claims." Morgan v. Genesee Co., 86 P.3d 388, 393 (Colo. 2004). If a settlement offer made under the statute is rejected, costs are awarded based on whether the plaintiff recovers a final judgment that is more or less than the amount of the rejected

3

offer.  See § 13-27-202(1)(a)(I)-(II); Centric-Jones Co. v. Hufnagel, 848 P.2d 942, 947 (Colo. 1993).  Thus, when a defendant makes a statutory settlement offer and the plaintiff rejects it, if "the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff."  § 13-17-202(1)(a)(II).  But "[i]f an offer of settlement is accepted in writing within fourteen days after service of the offer, the offer of settlement shall constitute a binding settlement agreement . . . ." § 13-17-202(1)(a)(IV).

The Colorado Supreme Court has stated that "[a]n offer of judgment pursuant to section 13-17-202[] is not a simple private offer of settlement.  Rather, it invokes a special statutory process spelled out in clear and unambiguous language which can and should be enforced without engrafting contract principles onto it." Centric-Jones, 848 P.2d at 946.  Moreover,

> the act provides very clear and definite steps to follow. . . .  The parties, not the court, are the players under the statute, and the operation of the statute takes place largely outside the aegis of the trial court.  Unless the offer is accepted or the amount recovered at trial is less than the offer, nothing is filed with the court concerning an offer of judgment. . . .  The court also has no discretion to alter or modify the offer of judgment if accepted by the offeree . . . .

Id. at 947.  At the time the court decided Centric-Jones, the statute provided that "the clerk shall enter judgment" if a statutory settlement offer is accepted by the offeree— language the court construed as "mandatory."  Id. (internal quotation marks omitted). The statute was later amended to provide—again in mandatory terms—that an accepted offer of settlement "shall constitute a binding settlement agreement, fully

4

enforceable by the court." § 13-17-202(1)(a)(IV).  Thus, "[b]ecause section 13-17-202 offers such a clear procedure for parties to follow, a trial court has a small role in the offer of settlement process." Morgan, 86 P.3d at 393.

**B**

In Oldenburg's view, the district court erred by applying the wrong legal standard in denying his motion to enforce AMIG's statutory settlement offer under § 13-17-202.  We review de novo a district court's application of state law.  Hansen v. SkyWest Airlines, 844 F.3d 914, 922 (10th Cir. 2016).

Oldenburg contends that the district court erred by refusing to enforce AMIG's settlement offer on the ground there was no "meeting of the minds" between the parties because the Colorado Supreme Court has held that contract principles play no role when addressing the enforcement of such an offer.  AMIG argues that Oldenburg's contention is illogical and inconsistent with precedent because a court necessarily must decide whether an offer has been accepted before it can be enforced.  On this point, we agree with AMIG.  For support, we note that the Colorado Court of Appeals has "appl[ied] ordinary principles of contract interpretation" to "interpret the meaning of a statutory offer of settlement." Miller v. Hancock, 410 P.3d 819, 828 (Colo. App. 2017).  See also Bumbal v. Smith, 165 P.3d 844, 845-46 (Colo. App. 2007) (applying contract principles in construing a settlement offer under § 13-17-202).

Thus, while a court's role in the § 13-17-202 process is limited, it must decide whether a settlement offer was accepted when that issue is disputed by the parties.

5

This is an unavoidable step in determining whether the parties formed "a binding settlement agreement" pursuant to § 13-17-202(1)(a)(IV). Where we depart from the district court is on its resolution to that question.

The district court correctly explained that AMIG "assumed that its offer would resolve matters between the parties" while Oldenburg "apparently believe[d] that he can accept the offer, settle the claims in this lawsuit, and then turn around and sue the defendant on other claims or theories." But to the extent this constituted a holding that the parties' discordant understandings meant Oldenburg had rejected AMIG's statutory settlement offer, we disagree. Oldenburg's manifestation of acceptance constituted an agreement to the unambiguous terms of AMIG's statutory offer. Under § 13-17-202, that acceptance sufficed to form a binding settlement agreement.

AMIG asserts that it "offered $100,000 in exchange for a full release of claims. Oldenburg agreed to accept $100,000 in exchange for resolving the current action only." But nothing in the plain language of AMIG's written settlement offer sought a full release of all claims. The consequence of AMIG's failure to express within the offer that all potential claims were being waived was simply that the offer pertained only to the claim pending between the parties. Moreover, Colorado courts have held that a "non-monetary term," such as a general release of claims, cannot be included, much less assumed, in a settlement offer under § 13-17-202. In Martin v. Minnard, 862 P.2d 1014, 1019 (Colo. App. 1993), the court held "that it would be contrary to the purpose of § 13-17-202 to allow non-monetary conditions to be imposed as part of a settlement offer pursuant to the statute." Thus, the court held

6

that a provision in the defendants' settlement offer that "extend[ed] the scope of the offer beyond the claims at issue . . . remove[d] the offer from the scope of the statute." Id. See also Taylor Morrison of Colo., Inc. v. Terracon Consultants, Inc., 410 P.3d 767, 777 (Colo. App. 2017) ("If a settlement offer injects terms beyond the settlement of existing claims, it does not fall under the statute but constitutes a settlement agreement based upon contract principles."); URS Grp., Inc. v. Tetra Tech FW, Inc., 181 P.3d 380, 392 (Colo. App. 2008) (concluding that an offer conditioned on a release of all existing and future claims "imposed a nonmonetary condition that took [the] offer outside the scope of section 13-17-202").

AMIG did not make "a simple private offer of settlement" to Oldenburg. Centric-Jones, 848 P.2d at 946. Rather, its offer was explicitly and unambiguously made pursuant to § 13-17-202(1)(a)(II). Consequently, based upon the Colorado courts' construction of that statute and the plain language of AMIG's written settlement offer, the offer was not conditioned on a full release of all of Oldenburg's claims. Therefore, we conclude that Oldenburg's statement in accepting AMIG's statutory settlement offer—that he was "not willing to waive any other rights to other claims or potential lawsuits against AMIG"—did not add an additional term, and Oldenburg's response thus constituted a full acceptance of AMIG's offer. As such, the district court erred by denying Oldenburg's motion to enforce AMIG's written offer as "a binding settlement agreement" pursuant to § 13-17-202(1)(a)(IV).

7

## III

The district court's judgment is **REVERSED**.  On remand, the court shall grant Oldenburg's motion to enforce AMIG's statutory settlement offer pursuant to § 13-17-202(1)(a)(IV).

Entered for the Court

Carlos F. Lucero
Circuit Judge