KESSLER, Respondent, vs. LEINSS and wife, Appellants.

*January 14—February 10, 1920.*

*Release: Validity: Parties dealing at arm's length: Compromise and settlement: Policy of law to encourage amicable adjustments.*

1. Where one defrauded in an exchange of real property, after bringing an action to cancel the deeds and have the title restored to her, gave the defendant whom she claims committed the fraud a release from all claims she might have against him upon his promise that he would procure in exchange certain property for her, and the next day he told her that such property could not be had and offered to secure in exchange other property, and she thereupon had her attorneys procure an appraisal of the property, after which she consummated an exchange and stipulated a dismissal of her action, she cannot avoid the release of her cause of action against the defendant.

2. It is the policy of the law to encourage rather than discourage amicable adjustments of controversies; and while it frowns upon imposition and fraud in the procurement thereof and will protect the victimized therefrom, it will not relieve from merely improvident settlements.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Plaintiff owned two pieces of property in the city of Marinette. She listed these properties in March, 1916, with defendant *Ernst Leinss,* a real-estate broker of the city of Milwaukee, for sale or exchange. On the 28th day of July, 1916, upon the advice or at the solicitation of defendant *Ernst Leinss,* she conveyed her Marinette properties to the defendant *Louise Leinss,* wife of the defendant *Ernst Leinss,* and received in exchange therefor two pieces of property located on Eighth street in the city of Milwaukee, one of said properties having been conveyed to her by deed from Jacob Espovich and Mildred Espovich, his wife, and the other by deed from Johanna Warschauer. Being dissatisfied with the exchange, upon the advice of the defendant *Ernst Leinss* she conveyed one of the Eighth-street properties, about a month later, for another located at Fifth and Walnut streets. On the 6th day of September, 1916, feeling that she had been defrauded and damaged by reason of these exchanges of property, she brought an action in the circuit court for Marinette county against these defendants and her various grantors to have the transactions set aside and the deeds executed by her of her Marinette properties canceled and title thereto restored to her. On the 18th day of September she executed and delivered to the defendant *Ernst Leinss* a release of all the defendants in that action from any claims of whatsoever kind and nature she might have against them. She was induced to execute this release upon the promise of *Ernst* that he would procure for her, in exchange for her then Milwaukee properties, certain property located at Thirteenth and Cedar streets. The next day, however, he advised her that he was unable to procure the property at Thirteenth and Cedar, and suggested that she take in lieu thereof property on Sycamore street. Her attorneys procured an appraisal of the Sycamore-street

property, and she exchanged her properties for the Sycamore-street property, after which, and on the 18th day of October, her attorneys signed a stipulation dismissing the Marinette county case. It seems that she was again dissatisfied with the deal by which she had secured the Sycamore-street property and, upon the advice of *Leinss,* she again traded the Sycamore-street property for property located at Second and Walnut streets. Still feeling that she had been defrauded, she thereafter brought this action against the defendant *Ernst Leinss* and *Louise Leinss,* his wife, to recover damages resulting from fraudulent representations made by them by which she was induced to make the various exchanges of property above recited.

The jury returned a special verdict by which they found that in all of the transactions *Ernst Leinss* acted as the agent of plaintiff, and that she was induced to make each exchange of property by reason of false and fraudulent representations made to her by him. They found the value of the Marinette property to be $10,500, and the value of the Milwaukee property, then owned by her, to be $16,260 (upon which there was a mortgage of about $14,000), and assessed her damages at $7,072, for which amount judgment was rendered upon the special verdict of the jury, from which judgment defendants appealed.

For the appellants there was a brief by *Friedrich, Teall & Hackbarth* of Milwaukee, and oral argument by *Otto G. Hackbarth.*

*F. P. Hopkins* of Milwaukee, for the respondent.

OWEN, J. If plaintiff, by the writing of September 18th, effectually released defendants of any claim she may have had against them, it is unnecessary to consider the numerous other alleged infirmities in the judgment.

It will be noted that she first traded her Marinette property for property on Eighth street in Milwaukee. She was not satisfied with this exchange, and shortly thereafter, upon

the advice or solicitation of defendant *Ernst Leinss,* traded one of the Eighth-street properties for property at Fifth and Walnut streets.    This transaction also proved disappointing, and she brought an action in the circuit court for Marinette county against all in any manner connected with the deals by which her Marinette property had been converted into the Milwaukee properties which she then had, praying for cancellation of the deeds by which she conveyed the Marinette property.    That action was commenced on or about the 6th day of September, 1916.    On the 18th day of September plaintiff made and delivered to *Ernst Leinss* a document in the nature of a general release, by the terms of which she amply released all defendants in that action of all claims and demands, actions and causes of action, which she had against them.    She claims that she was induced to sign this release upon the promise of the defendant *Ernst Leinss* that he would bring about an exchange of her then Milwaukee properties for certain property at Thirteenth and Cedar streets in the city of Milwaukee.    The next day, after the release was signed, *Leinss* told her that he could not secure the property at Thirteenth and Cedar.    We presume that she might have avoided the release upon such failure of consideration.    But she made no attempt to do so.    He suggested another exchange for property on Sycamore street.    Remember now that her action in Marinette county for cancellation of her original deeds was still pending.    She was represented in that action by a firm of Milwaukee attorneys.    If in her original transaction she had reposed undue confidence in defendant *Ernst Leinss,* her experiences up to that time were such as should have thoroughly disillusionized her in that respect.    He had secured a release from her upon promise that he would procure, for her, property at Thirteenth and Cedar streets, which she desired.    Almost immediately after putting the release in his pocket he advised her that the desired property could not be procured and suggested another exchange.

Certainly she was not justified in placing further confidence in him, and it appears that she did not.   On the contrary, she had her attorneys procure an appraisal of the Sycamore-street property, after which she consummated the exchange, permitting *Leinss* to retain the release of September 18th, and on October 18th her attorneys stipulated a dismissal of the Marinette action.   Under such circumstances we know of no theory upon which the release can be avoided.   She was a person *sui juris*.   She was dealing at arm's length with one against whom charges of fraud preferred by her were pending.   She was acting upon her own responsibility, with the benefit of counsel.   If she was not bound by such a release, it must be confessed that there is little stability to legal settlements.   It is the policy of the law to encourage rather than discourage amicable adjustments of controversies.   While it frowns upon imposition and fraud in the procurement thereof and will protect the victimized therefrom, it will not relieve from merely improvident settlements, and we see no other reason for disturbing the adjustment here in question.

It results that whatever cause of action plaintiff may have had against the defendants was amply released and discharged before the bringing of the present action.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing plaintiff's complaint.