TODOROVICH, Respondent, vs. KINNICKINNIC MUTUAL LOAN & BUILDING ASSOCIATION, Appellant.

*April 16—May 20, 1941.*

For the appellant there was a brief by *Affeldt & Lichtsinn* of Milwaukee, and oral argument by *H. F. Lichtsinn.*

*Max Raskin,* attorney, and *Irving R. Glick* of counsel, both of Milwaukee, for the respondent.

FRITZ, J.    This action is brought to recover damages for breach of an alleged contract for the sale of land.    Defendant demurred to the complaint on the ground that the facts alleged are not sufficient to constitute a cause of action.    The allegations, so far as here material, are that the plaintiff offered to purchase the land on the terms stated in his letter of August 11, 1937; that plaintiff's offer was accepted by defendant in the terms stated in its letter of December 16, 1937; that the plaintiff duly performed all of the conditions thereof to be performed on his part and has always been ready and willing to fulfil the agreement to pay the residue of the purchase money and to obtain the signature of his son to a land contract on having a good and marketable title made of the premises, and a conveyance of the fee thereof, in accordance with the contract; and that defendant refused to perform the terms and conditions of the offer and acceptance and breached the contract.    In support of its demurrer defendant contends that its letter of December 16, 1937, does not constitute an

acceptance of plaintiff's offer in his letter of August 11, 1937, for the following reasons: 1st, Defendant neither mentions or refers in its letter of December 16, 1937, to plaintiff's letter of August 11, 1937, nor accepts any offer stated therein, but on the contrary, defendant's statement in its letter of December 16, 1937, is that it will accept plaintiff's proposal dated November 18, 1937, subject to the terms stated by defendant in its letter of December 16, 1937; 2d, defendant states expressly in its letter of December 16, 1937, that its acceptance of the terms stated in plaintiff's proposal of November 18, 1937, will be "subject to the following terms" which, as stated in defendant's letter, constitute three conditions that differ from the terms stated in plaintiff's letter of August 11, 1937, in the following material respects. (1) The offer made in plaintiff's letter was "the sum of $10,500 for deed and clear abstract to the property." As he did not state that payment thereof was to be deferred or made in instalments, the entire sum offered was presumably to be paid in cash. But, in these respects, the terms stated in defendant's letter of December 16, 1937, are "Monthly payments on the land contract to be $100 as outlined in your proposal plus $40, or one twelfth of the previous year's taxes, whichever amount is larger. Your son to sign the land contract with you." (2) In plaintiff's letter of August 11, 1937, he offered that he "will assume any claim made by any adjoining owner with reference to the boundaries." But, the terms stated in defendant's letter of December 16, 1937, require "Delivery to us of a warranty deed to the southerly seven inches of the lot adjoining our property on the north free and clear of all incumbrances." In view of the material differences in these respects between the terms stated in plaintiff's letter of August 11, 1937, and those stated in defendant's letter of December 16, 1937, and also the fact that the acceptance stated therein of a proposal is obviously in relation to plaintiff's proposal dated November 18, 1937, and not his offer of August 11, 1937, it is evident that defendant's letter is not an acceptance of the offer in plaintiff's

letter of August 11, 1937. To constitute an acceptance and the creation of a contract there must be a meeting of the minds upon all essential terms thereof. Where an acceptance varies from the offer in respect to such terms it amounts to a rejection of the offer and but the submission of a counterproposal without forming a contract unless the party making the offer renews it or agrees to the suggested modifications. *Helmholz v. Greene,* 173 Wis. 306, 181 N. W. 221; *Laney v. Ricardo,* 169 Wis. 267, 172 N. W. 141; *S. T. Edwards & Co. v. Shawano Milk Products Co.* 211 Wis. 378, 247 N. W. 465; *Iselin v. United States,* 271 U. S. 136, 46 Sup. Ct. 458, 459, 70 L. Ed. 872; 17 C. J. S. p. 378, § 42, p. 383, § 43. The statement in the complaint that defendant "accepted the offer" of plaintiff on the terms stated in defendant's letter is but an allegation of a conclusion of law, which is not deemed admitted upon a demurrer. The conclusion alleged is clearly erroneous as appears upon the face of the complaint in view of the material differences between plaintiff's offer of August 11, 1937, and the terms stated in defendant's letter of December 16, 1937.

Plaintiff contends also that his allegation, after quoting defendant's letter of December 16, 1937, that he "duly performed all of the conditions thereof on his part," should be deemed, upon a liberal construction thereof in his favor to constitute an affirmative statement that he accepted defendant's counteroffer. The rule that under certain circumstances "acceptance of a counteroffer can be inferred from any conduct on the offeree's part indicative thereof," is subject to the qualification that "mere silence bears no such significance." *Morris F. Fox & Co. v. Lisman,* 208 Wis. 1, 12, 237 N. W. 267, 240 N. W. 809, 242 N. W. 679; *Russell v. Falls Mfg. Co.* 106 Wis. 329, 82 N. W. 134. So, in the case at bar, plaintiff's allegation that he "duly performed all of the conditions thereof" is insufficient to be indicative of his acceptance of defendant's counteroffer because of the absence

of any allegation that defendant had any knowledge or notice whatsoever of any such conduct on the part of plaintiff. Moreover, in the absence of the allegation of any facts to show that there was ever a meeting of minds in regard to the total purchase price to be paid under defendant's counteroffer of December 16, 1937, the complaint also fails to state a cause of action. From the mere fact that "$10,500 for deed and clear abstract" was the offered purchase price in plaintiff's proposal of August 11, 1937, which was not accepted by defendant, it cannot be inferred that the sum of $10,500 was to constitute the purchase price upon a sale under a land contract with deferred instalment payments, as proposed in defendant's letter of December 16, 1937. As this letter did not constitute an acceptance of plaintiff's proposal of August 11, 1937, and the terms of the latter must be considered rejected as a whole, there was included in such rejection the terms offered by plaintiff in respect to the amount of the purchase price. It follows that the court erred in overruling defendant's demurrer.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrer to the complaint.