Joseph Lorenz, Inc., Plaintiff-Respondent,
v.
Richard A. Harder and Karen Harder, Defendants-Appellants.
No. 04-1280.
Court of Appeals of Wisconsin.
Opinion Filed: February 9, 2005.
Before Anderson, P.J., Brown and Snyder, JJ.
¶1 ANDERSON, P.J.
Richard A. and Karen Harder appeal from a trial court judgment enforcing a stipulated settlement agreement they had entered into with Joseph Lorenz, Inc. They claim that Lorenz materially altered the stipulation when it added three words to the stipulation after they had already signed it and, as a result, they should not be bound by the stipulation. We hold that the trial court properly exercised its discretion in determining that Lorenz's alterations were immaterial and because the alterations were immaterial, the parties' stipulation was enforceable. We affirm.

FACTS
¶2 This cases arises from a construction dispute. In October 2001, Lorenz and the Harders entered into an agreement whereby Lorenz agreed to make improvements to the Harders' home and property. In July 2002, Lorenz commenced this action to recover for labor and materials provided during the various remodeling and construction jobs around the home and property. The Harders counterclaimed, disputing the value of the labor, materials and services provided and alleging that a portion of the work completed had to be redone. The trial court ordered the parties to attend mediation.
¶3 On April 25, 2003, the parties conducted the mediation at the Harder residence. Willis Zick, a former Waukesha County Circuit Court Judge, served as the mediator. Both of the Harders were present and were represented by counsel. Thomas J. Lorenz attended the mediation on behalf of Lorenz and Lorenz was also represented by counsel. According to Zick, he and the parties discussed at length all aspects of the labor, materials and services provided. He took a "considerable amount of time speaking with the parties, walking the property and inspecting the work. The parties were each given the opportunity to fully explain their allegations and opinions." The main concern that the Harders expressed to Zick related to the possibility that the roof cove ring the new addition to their home and the adjacent porch would need to be torn down and reconstructed to ensure that it was structurally sound and capable of supporting skylights. After extensive negotiations, the parties reached an agreement.
¶4 The Harders' attorney drafted the stipulated settlement agreement. The stipulation, entitled "Settlement," was handwritten and originally provided:
1.) 12,500 pd May 2, 2003
2.) subject to TDI confirming tear down not required ... due to weight concern and concentration by Friday May 2, 2003
3.) Split mediators costs.
4.) Defendants witness list and summaries due May 9, 2003.
While inside the Harders' home, Zick witnessed the Harders and their attorney sign the stipulation. The Harders and their attorney clearly explained to Zick that they were willing to pay Lorenz $12,500 by May 2 unless their engineers, TDI Associates Inc., determined prior to May 2 that a "tear down" of the roof system covering the porch and new addition to their home was necessary due to the weight concerns pertaining to the skylights.
¶5 Zick then took the stipulation to the Harders' driveway where Thomas and Lorenz's attorney were standing. Zick explained to both men that the Harders were willing to pay Lorenz the $12,500 unless TDI determined, prior to May 2, that the roof system covering the porch and addition had to be torn down and reconstructed so that it would be able to handle the weight of the skylights. Lorenz's attorney stated that his clients would agree to the terms of the stipulation as explained. Zick witnessed Lorenz and his attorney sign the stipulation. After signing the stipulation, Lorenz's attorney said that the words "of porch" and "only" should be inserted into the agreement to confirm the parties' mutual understanding that they were referring to the roof system covering the porch and the new addition to the house as opposed to some other area of construction at the property. The stipulation was then changed to read in part: "2.) subject to TDI confirming tear down of porch not required ... due only to weight concern and concentration by Friday May 2, 2003." (Emphasis added.)
¶6 Zick returned to the house and presented the stipulation to the Harders' attorney. Lorenz's attorney then entered the house and asked to receive a copy of the stipulation. The Harders made photocopies of the agreement for both parties. Counsel for both parties then discussed the terms of the stipulation. The Harders' attorney explained that they wo uld pay Lorenz $12,500 by May 2 as a final and complete settlement of the suit unless TDI determined that a tear down of the roof system containing the skylights was necessary. Lorenz's attorney indicated that the stipulation was acceptable to his client as well. It was not until Zick, Thomas and Lorenz's attorney had left that the Harders and their attorney noticed the alterations in the stipulation.
¶7 According to the Harders' attorney, on April 29, after apparently performing an ins pection, TDI confirmed that a tear down of the roof was not necessary to address the Harders' weight and concentration concerns. TDI essentially determined that adding braces to support the skylights could alleviate the Harders' concerns.
¶8 On April 30, 2003, Lorenz's attorney contacted the Harders' counsel to inquire about the TDI report; the Harders' counsel indicated that he had not yet received such a report and would contact Lorenz's attorney on May 1. On May 2, the Harders' attorney contacted Lorenz's attorney and explained that they were not going to comply with the terms of the stipulation because of the addition of the terms "of porch" and "only." He informed Lorenz's attorney that such changes were material and significant changes and amounted to a counteroffer. He further explained that the Harders were no longer interested in any form of settlement and planned on taking their case to trial.
¶9 On May 9, Lorenz filed a motion to enforce the stipulation. The Harders filed a motion in opposition. According to the Harders, the additional language significantly and materially altered the stipulation because the area of structural concern was not limited only to the roof over the porch area; rather, it included the roof over the porch area and the roof over, and interior of, the addition. Following briefing and oral argument, the trial court issued an oral decision enforcing the stipulation.
¶10 The court explained that our decision in Phone Partners Ltd. Partnership v. C.F. Communications Corp., 196 Wis. 2d 702, 710-11, 542 N.W.2d 159 (Ct. App. 1995), committed the enforcement of the stipulation to its discretion and permitted, but did not require, it to use principles of contract law in construing, enforcing or modifying a stipulation agreement. The trial court expressly refused to "resort to contract terms" to address the enforcement of the stipulation.
¶11 The court then considered the stipulation in light of the extensive mediation and negotiations leading up to its creation and execution. Based on its review of the record, the court determined that the additional language did not alter the parties' obligations under the stipulated settlement agreement or their understanding of what TDI was to do and, in fact, what it did do. Because the additional language did not alter the parties' mutual understanding, or the legal effect, of the stipulation, the court held that it was immaterial and insignificant and did not constitute a counteroffer. The trial court noted that by enforcing the stipulation, it was, in fact, construing the agreement as originally drafted.
¶12 The Harders filed a motion for reconsideration, which the trial court denied. Subsequently, the trial court issued an order for final judgment and a final judgment enforcing the stipulation and awarding Lorenz a judgment in the amount of $12,500. The Harders now appeal from the final judgment.[1]

DISCUSSION
¶13 The Harders argue that the trial court erred in enforcing the stipulation. They submit that the stipulation is a contract and, as such, must be reviewed using contract law principles. They contend that because their structural concerns extended to the roof over the addition and were not restricted solely to the roof over the porch, the addition of the words "of porch" and "only" materially altered the terms of the stipulation and had the "undeniable legal effect of a counteroffer" which they did not accept. See Todorovich v. Kinnickinnic Mut. Loan & Bldg. Ass'n, 238 Wis. 39, 42, 298 N.W. 226 (1941) (noting that the acceptance of an offer upon terms varying from those of the offer is a rejection of the offer and is a counteroffer). Again relying on contract law, they maintain that Lorenz had a duty to disclose the changes and because it did not, the stipulation is unenforceable for that reason as well. See Hennig v. Ahearn, 230 Wis. 2d 149, 168, 601 N.W.2d 14 (Ct. App. 1999) (holding that a party to a contract had assumed t he duty to disclose last minute changes).
¶14 Our resolution of this case is driven largely by our standard of review. This case is governed by WIS. STAT. § 807.05 (2003-04),[2] which provides:
No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney.
Stipulations of settlement under §807.05 may be enforced by the court and may only be avoided with the court's approval. Phone Partners, 196 Wis. 2d at 709. Questions regarding the initial approval and enforcement of a stipulation and relief therefrom pursuant to WIS. STAT. § 806.07 are committed to the trial court's discretion. Phone Partners, 196 Wis. 2d at 710. An appellate court will sustain a discretionary act if the trial court examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. Id.
¶15 We see no reason to disturb the trial court's discretionary determination. First, it was within the trial court's discretion to refuse to strictly adhere to contract law principles in considering whether to enforce the stipulation. As we explained in Phone Partners, because the enforcement of stipulations of settlement is committed to a trial court's discretion, contract law is not binding on the trial court as to the stipulation question. Id. However, the principles of contract law may sometimes illumine a stipulation dispute even to the point of being dispositive. Id. at 710-11. Thus, while a trial court may properly look to contract law for assistance in construing, enforcing or modifying a stipulation, it is not obligated to do so. Id. Accordingly, pursuant to Phone Partners, the trial court in this case was entitled to view the stipulation as a part of settlement negotiations and mediation and to expressly refuse to view the stipulation exclusively through the lens of black letter contract law.[3]
¶16 Second, the trial court's determination that the changes were immaterial is supported by the facts of record. In his affidavit, Zick averred that, at the time the stipulation was signed and executed, he confirmed with both parties that the payment of the $12,500 was conditioned on TDI's inspection and the purpose of the inspection was to determine whether the roof covering both the new addition and the adjacent porch would need to be torn down and reconstructed to ensure that it was structurally sound and capable of supporting skylights. He further stated that Lorenz's attorney said that he wished to insert "of porch" and "only" to confirm the parties' mutual understanding that "they were referring to the single roof system covering the porch and the new addition to the house and containing the subject skylights as opposed to some other area of construction at the property." Finally, the record establishes that TDI inspected the entire roof system and determined that it did not need to be torn down.
¶17 Given the clear understanding by both parties and TDI that the term "tear down" referred to the entire roof system containing the skylights and covering the new addition to the home and adjacent porch, the trial court had a reasonable basis for concluding that the addition of the words "of porch" and "only" did not materially alter the stipulation or otherwise constitute a continuation of the negotiations and, therefore, the stipulation, as drafted and signed, was enforceable. The language simply did not change the parties' obligations under the stipulationthe Harders were obligated to pay Lorenz only if TDI determined the single roof system did not need to be torn downnor did it alter the course of TDI's investigation. As the trial court rightly observed, Lorenz now simply seeks to enforce the stipulation as drafted.
¶18 Third, we note that support for the trial court's decision can be found in the principles embodied in contract law. In Nauga, Inc. v. Westel Milwaukee Co., Inc., 216 Wis. 2d 306, 313, 576 N.W.2d 573 (Ct. App. 1998), we wrote, "When reviewing a trial court's conclusion on whether a contract is enforceable, we examine the contract to determine what the parties contracted to do, not to make or reform it." This is exactly what the trial court did here when it examined the circumstances surrounding the stipulation's creation to inform its decision.
¶19 Furthermore, this is not a case where Lorenz assumed a duty to point out changes in an agreement by the course of its conduct during negotiations. See Hennig, 230 Wis. 2d at 168; see also James B. Egle and Jennifer E. Annen, Contract Law: Duty to Reveal Changes, WISCONSIN LAWYER, Oct. 2001, at 18 (citing Hennig). In Hennig, where our supreme court held that a party to a contract had assumed such a duty to disclose a significant change that it had made prior to signing, the contracting parties had engaged in extensive negotiations involving the exchange of multiple drafts in which the evolving terms of the agreement were expressly discussed among the parties. Hennig, 230 Wis. 2d at 165-68. Here, on the other hand, the Harders prepared the stipulation themselves, multiple drafts were not exchanged, the document was only one page long and the changes to the stipulation were minor.
¶20 Finally, the trial court's decision is in accord with the wellestablished public policy of this state to encourage the peaceable settlement of disputes out of court through mediation. See Laska v. Laska, 2002 WI App 132, ¶14, 255 Wis. 2d 823, 646 N.W.2d 393 (recognizing that "public policy encourages settlement of disputes through mediation"). We would be loath to contravene this policy by unraveling a mediation session simply because of the addition of immaterial words to a stipulation of settlement. Furthermore, it appears from the facts of record that the Harders are attempting to wiggle out from under an otherwise valid agreement because TDI determined that a tear down was not necessary and further discovery of Lorenz's business records allegedly revealed evidence of overcharging. As it stands, the stipulated settlement agreement is being enforced against the Harders exactly as they and their attorney signed it. See WIS. STAT. § 807.05 (a stipulation may be enforced when reduced to writing and subscribed to by the party to be bound). While the law frowns upon an agreement procured by fraud, imposition or the like and will protect the victimized therefrom, it will not relieve a party from merely improvident settlements. See Kessler v. Leinss, 170 Wis. 583, 176 N.W. 236 (1920). We therefore affirm the judgment of the trial court enforcing the stipulation and awarding Lorenz $12,500.
By the Court.  Judgment affirmed.
NOTES
[1] The Harders had filed a notice of appeal appealing from the trial court's decision enforcing the stipulation and denying their motion for reconsideration. We dismissed the Harders' appeal, concluding that because it lacked a specified dollar amount, the trial court's decision was not final and we therefore lacked jurisdiction over the appeal. Because the trial court issued a final judgment on the matter including the specified dollar amount of judgment, the appeal is now properly before us.
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[3] We note that this is not a case like American National Property and Casualty Co. v. Nersesian, 2004 WI App 215, ___ Wis. 2d ___, 689 N.W.2d 922, where, because the parties and the trial court reviewed the settlement agreement as a contract and applied contract law, we also reviewed the agreement as a contract and relied exclusively on contract law principles to render our determination.