NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012[*]
Decided April 19, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2779

| | |
|---|---|
| DA VANG,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 11-cv-150-bbc |
| MICHAEL W. HOOVER,<br>    *Defendant-Appellee.* | Barbara B. Crabb,<br>*Judge*. |

**O R D E R**

Da Vang is serving consecutive life terms in Wisconsin for fatally shooting his wife and her friend. *See State v. Vang*, 694 N.W.2d 510, *1 (Wis. Ct. App. 2005). In this action under 42 U.S.C. § 1983 and state law, he claims that Michael Hoover, a judge on the Wisconsin Court of Appeals, violated his constitutional and statutory rights by ruling on two motions in his postconviction appeal after being recused from hearing that matter.

---

[*]The appellee was not served with process in the district court and is not participating on appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Vang seeks $ 11 million in damages from the judge. The district court dismissed the suit for failure to state a claim. We affirm the judgment.

Judge Hoover granted a motion to withdraw filed by Vang's appointed counsel in the postconviction appeal, and later the judge denied Vang's motion for reconsideration of that decision. The judge explicitly recused himself from further involvement in the appeal because his wife had represented one of the victims during a divorce proceeding; Vang apparently assumes that Judge Hoover must have known about that conflict before he ruled on the two motions because he had recused himself from an earlier appeal filed by Vang. The district court screened Vang's complaint, *see* 28 U.S.C. § 1915A, and dismissed it with the explanation that Judge Hoover enjoys absolute judicial immunity from suit on both the federal and state claims. (The district court added that *Heck v. Humphrey*, 512 U.S. 477 (1994), would provide a second basis for dismissal because Vang's convictions have not been invalidated. But applying *Heck* would result in a dismissal without prejudice, *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011), and since dismissal for failure to state a claim is a decision on the merits that results in dismissal with prejudice, *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009), we understand the court's decision to rest on judicial immunity. Thus, we do not discuss *Heck* further.)

Vang argues that Judge Hoover did not have "jurisdiction" over his postconviction appeal because of the conflict and thus is not immune from suit. Wisconsin judges cannot be sued for damages under § 1983 or state law for judicial actions, even if the judge commits a procedural error or acts in excess of authority, unless the judge acts in clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Killinger v. Johnson*, 389 F.3d 765, 770–71 (7th Cir. 2004); *Scarpaci v. Milwaukee Cnty.*, 292 N.W.2d 816, 831 (Wis. 1980). If, as Vang insists, Judge Hoover continued to issue rulings in his appeal after becoming disqualified, the judge arguably exceeded his authority. Yet the judge retained jurisdiction under WIS. STAT. § 808.03, which grants appellate jurisdiction over final judgments and orders of state circuit courts. WIS. STAT. § 808.03; *State ex rel. Swan v. Elections Bd.*, 394 N.W.2d 732, 734 (Wis. 1986). Because Judge Hoover did not act in complete absence of jurisdiction, the district court correctly concluded that he is immune from suit.

Accordingly, the judgment is **AFFIRMED**. Vang has incurred one "strike" for filing his complaint and a second for pursuing this appeal. *See* 28 U.S.C. § 1915(g); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).